**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4346-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DARIUS T. MURPHY,

    Defendant-Appellant.

_____

> Submitted October 31, 2018 – Decided November 21, 2018
>
> Before Judges Reisner and Mawla.
>
> On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 96-04-1271.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Michele A. Adubato, Designated Counsel, on the brief).
>
> Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).
>
> Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Darius T. Murphy appeals from a November 1, 2016 order denying his motion for a new trial. In his counseled brief, defendant raises the following point of argument:

> THE MOTION COURT'S DENIAL OF DEFENDANT'S MOTION FOR NEW TRIAL BASED ON THE NEWLY DISCOVERED RECANTATION TESTIMONY OF THE STATE'S PIVOTAL WITNESS AT TRIAL WAS ERROR.

In a supplemental pro se brief, which contains no point headings, defendant contends that the motion judge erred in finding the recanting witness not credible.

After reviewing the record, we find no merit in defendant's appellate arguments. We affirm substantially for the reasons stated by Judge Alfonse J. Cifelli in his October 28, 2016 oral opinion, issued after holding an evidentiary hearing on the motion. We add these comments.

In 1996, defendant was convicted of felony murder and associated offenses, and was sentenced to thirty years in prison without parole. We outlined the evidence and the history of the case in our prior opinions, affirming the conviction on direct appeal, State v. Murphy, No. A-2262-97 (App. Div. Jun. 15, 1999), affirming in part and remanding in part defendant's first petition for

post-conviction relief (PCR), <u>State v. Murphy</u>, No. A-0708-04 (App. Div. May 22, 2007), and affirming the denial of PCR after the remand, <u>State v. Murphy</u>, No. A-5959-10 (App. Div. March 25, 2013). For purposes of this opinion, the following summary will suffice.

According to the State's evidence, defendant and several co-defendants forced their way into the apartment of Corey Davis, a drug dealer. They threatened Davis's girlfriend, attempted to rob Davis, and fatally shot him. Several months later, the girlfriend identified a photo of defendant as someone who resembled one of the assailants. However, the State's chief witness was Victor Parker, a co-defendant who testified pursuant to a plea agreement. At the trial, Parker unequivocally identified defendant as one of the participants in the home invasion. The trial judge, who heard Parker testify against defendant, would later characterize Parker as one of the most credible witnesses he had ever observed.

In 2013, defendant filed a motion for a new trial, based on affidavits from Parker stating that he misidentified defendant as a participant in the crime.[1] In his affidavits, Parker asserted that he had confused defendant with a man named

---

[1] Defendant asserts that he originally filed the new trial motion in April 2011, however, that motion is not in his appendix. Nor are most of the documents admitted in evidence at the evidentiary hearing.

A-4346-16T2

"Ra-Ra," who resembled defendant. According to Parker, he first learned of Ra-Ra's identity and participation in the crime in 2002, but Parker did not recant his identification testimony until 2011.

After a testimonial hearing, Judge Cifelli found that Parker's hearing testimony was inconsistent with his written recantation statements in important respects, and contradicted significant details in his trial testimony. The judge also found that Parker was an evasive witness whose testimony was not credible. The judge noted that, prior to the 1996 trial, Parker wrote a letter to another co-defendant, Keith Henderson, essentially promising that he would eventually exculpate defendant.[2] Applying the standards set forth in State v. Ways, 180 N.J. 171, 187-89 (2004), and State v. Carter, 85 N.J. 300, 314 (1981), Judge Cifelli concluded that Parker's recantation testimony was completely unreliable, would probably not change the jury's verdict, and did not warrant a new trial.

Ordinarily, recantation testimony is regarded as suspect and untrustworthy. State v. Carter, 69 N.J. 420, 427 (1976). In addressing the standards for granting a new trial based on newly discovered evidence, the Supreme Court has cautioned:

---

[2] Ra-Ra and defendant were Henderson's nephews. Ra-Ra, whose real name was Rahjahn Farrell, died in 2010, a year before Parker's 2011 recantation. Henderson died several years earlier.

A-4346-16T2

> A jury verdict rendered after a fair trial should not be disturbed except for the clearest of reasons. Newly discovered evidence must be reviewed with a certain degree of circumspection to ensure that it is not the product of fabrication, and, if credible and material, is of sufficient weight that it would probably alter the outcome of the verdict in a new trial.
>
> [Ways, 180 N.J. at 187-88.]

In this case, Judge Cifelli concluded that Parker's recantation was a fabrication, and that his incredible testimony would not affect the jury's verdict if the case were retried. We owe great deference to Judge Cifelli's evaluation of Parker's credibility. See Ways, 180 N.J. at 196. However, we review his legal conclusions de novo. State v. Nash, 212 N.J. 518, 540-41 (2013). Overall, we determine whether the judge abused his discretion in denying the new trial motion. See State v. Henries, 306 N.J. Super. 512, 529 (App. Div. 1997). After reviewing the record, we find no basis to disturb the judge's decision that Parker's testimony was not credible. In light of that determination, we find no legal error, and no abuse of discretion, in the judge's decision to deny the new trial motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4346-16T2